IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-20074-08-JAR |
| ISMAEL ENAMORADO, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Ismael Enamorado's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 519). For the reasons provided below, the Court dismisses Enamorado's motion for lack of jurisdiction.

**I.   Background**

On November 5, 2019, Enamorado pleaded guilty to one count of possession with intent to distribute more than 500 grams of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(B).[1] On February 3, 2020, the Court sentenced Enamorado to a 60-month term of imprisonment and a four-year term of supervised release.[2]

Enamorado is incarcerated at FCI Oakdale II in Louisiana. The Bureau of Prisons ("BOP") reports that, as of April 26, 2021, 378 inmates have tested positive for COVID-19 out of 902 inmates tested at this facility.[3] The BOP further reports that FCI Oakdale II has 18 active

---

[1] Doc. 294.

[2] Doc. 353.

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Apr. 26, 2021).

inmate cases, no active staff cases, and 2 inmate deaths attributed to COVID-19.[4]  Enamorado is 27 years old, and his projected release date is September 16, 2022.

On March 8, 2021, Enamorado filed a motion for compassionate release, requesting relief on the grounds that he is a first-time offender, was charged with a nonviolent crime, has served more than half of his sentence, has strong family support, and has a release plan.[5]

Enamorado is not represented by counsel.  Under District of Kansas Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.[6]  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The FPD has notified the Court that it does not intend to enter an appearance on Enamorado's behalf.  Accordingly, Enamorado proceeds *pro se*.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[7]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[8]  Under § 3582(c)(1)(A), as amended by the

---

[4] *Id.*

[5] Doc. 519 at 5.

[6] Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

[7] *United States v. Maumau*, ___ F.3d ___, 2021 WL 1217855, at *6 (10th Cir. Apr. 1, 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[8] *Id.*

First Step Act of 2018,[9] a defendant may file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Tenth Circuit recently adopted a three-step test, "consistent with the plain language of the statute," for district courts to use to determine if the court may grant a motion filed under § 3582(c)(1)(A)(i).[10] At step one, the court determines whether "extraordinary and compelling reasons warrant" a sentence reduction.[11] At step two, the court determines whether "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission."[12] And at step three, the court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."[13]

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."[14] "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the

---

[9] Pub. L. No. 115-391, 132 Stat. 5194.

[10] *Maumau*, 2021 WL 1217855, at *7.

[11] *Id.* (quoting *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)).

[12] *Id.* (quoting *Jones*, 980 F.3d at 1108).

[13] *Id.* (third alteration in original) (quoting *Jones*, 980 F.3d at 1108).

[14] *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)) (vacating the district court's order denying a § 3582(c)(1)(A) motion and remanding with instructions to dismiss the motion for lack of jurisdiction). *But see United States v. Read-Forbes*, ___ F. App'x ___, No. 20-3104, 2021 WL 423160, at *2 n.1 (10th Cir. Feb. 8, 2021) (questioning, but not deciding, "whether [the defendant]'s failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional"); *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (stating in dicta that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking" (emphasis added) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021))).

court to have jurisdiction."[15] If the defendant cannot make this showing, the court must dismiss the motion for lack of jurisdiction.[16]

## III. Discussion

### A. Exhaustion

Enamorado submitted a request for compassionate release to the warden of FCI Oakdale II, which the warden subsequently denied on December 22, 2020.[17] The government does not dispute that Enamorado has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Thus, the Court proceeds to consider whether Enamorado has presented extraordinary and compelling reasons that justify relief.

### B. Extraordinary and Compelling Reasons

As explained above, a court may grant a sentence reduction under § 3582(c)(1)(A) only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[18] However, the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant; the Sentencing Commission's existing policy statement, U.S.S.G. § 1B1.13, "is applicable only to motions filed by the Director of the BOP."[19] Accordingly, § 3582(c)(1)(A)'s consistency requirement does not currently

---

[15] *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

[16] *Saldana*, 807 F. App'x at 820; *Poutre*, 834 F. App'x at 474. *But see Read-Forbes*, 2021 WL 423160, at *2 n.1; *McGee*, 992 F.3d at 1043.

[17] Doc 519-1.

[18] 18 U.S.C. § 3582(c)(1)(A)(i).

[19] *United States v. Maumau*, ___ F.3d ___, 2021 WL 1217855, at *12 (10th Cir. Apr. 1, 2021) (citations omitted).

constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[20]

Enamorado does not seek compassionate release on grounds related to the COVID-19 pandemic.  Rather, Enamorado states that the following circumstances form "[t]he basis [of his] request": (1) he is a first-time offender; (2) he was charged with a nonviolent crime and has no history of violence; (3) he has "strong family support"; (4) he has "a home plan and a job plan"; and (5) he has served "well over half [of his] sentence."[21]  The government contends that Enamorado "fall[s] remarkably short" of establishing that extraordinary and compelling reasons warrant a reduction in his sentence.[22]  The Court agrees.  While the Court would consider the circumstances identified by Enamorado in assessing the § 3553(a) sentencing factors at step three of § 3582(c)(1)(A)'s three-part statutory test, those circumstances, standing alone, do not support a finding that "extraordinary and compelling" reasons warrant a sentence reduction at step one.  And because Enamorado has failed to establish that extraordinary and compelling reasons justify relief, the Court need not consider the applicable § 3553(a) factors.[23]  Enamorado's motion is hereby dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Ismael Enamorado's Motion for Compassionate Release (Doc. 519) is **dismissed without prejudice for lack of jurisdiction**.

**IT IS SO ORDERED.**

---

[20] *Id.*

[21] Doc. 519 at 5.

[22] Doc. 534 at 9.

[23] *See United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021))).

Dated: April 26, 2021

        S/ Julie A. Robinson
        JULIE A. ROBINSON
        CHIEF UNITED STATES DISTRICT JUDGE